UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE A. ECHEVARRIAROMAS, | ) | CASE NO. 1:17CV641 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| WARDEN, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This matter is before the undersigned on a motion to dismiss Petitioner Jose A. Echevarriaromas' ("Petitioner") petition for a writ of habeas corpus filed by Respondent "Warden" on August 4, 2017.[1] ECF Dkt. #11. Petitioner filed his habeas petition on March 20, 2017.[2] ECF Dkt. #1. On August 4, 2017, Respondent filed a motion to dismiss Petitioner's habeas petition as barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). ECF Dkt. #11. Petitioner filed his traverse on August 14, 2017. ECF Dkt. #12.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #11) and DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

## I.  PROCEDURAL HISTORY

### A.  State Trial Court

Petitioner was indicted by a Cuyahoga County Grand Jury in the September 2012 term on three counts of rape, in violation of Ohio Revised Code ("R.C") § 2907.02(A)(1)(b), one count of gross sexual imposition, in violation of R.C. § 2907.05(A)(4), and one count of kidnapping, in

---

[1] In his habeas petition, Petitioner names "Warden, Belmont Correctional Institution" as the Respondent. The docket lists the Respondent as "Warden." *See* ECF Dkt. #1 at 1. Additionally, while the docket indicates that Petitioner's surname is "Echevarriaromas," Petitioner signed his filings as "Echevarria Romas." *See* ECF Dkt. #1; ECF Dkt. #9; ECF Dkt. #10; ECF Dkt. #12.

[2] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

violation of R.C. § 2905.01(A)(4). ECF Dkt. #11-1 at 3-4. Upon arraignment, an interpreter was appointed and Petitioner entered a plea of not guilty. *Id.* at 5-6.

At a hearing held on January 14, 2013, the first and third counts of rape were amended to rape in violation of R.C. 2907.02(A)(2), and Petitioner entered a guilty plea to the two amended counts. ECF Dkt. #11-1 at 7. The remaining counts against Petitioner were nolled. *Id.* The trial court sentenced Petitioner to nine years on both rape counts, to be served consecutively, for a total prison sentence of eighteen years. *Id.* Petitioner failed to file a timely notice of appeal.

### **B.** **Post-Conviction Proceedings**

On October 22, 2015, Petitioner, acting *pro se*, filed a "Pre-Agreement" asserting that the evidence did not establish that he was guilty of any charge other than gross sexual imposition. ECF Dkt. #11-1 at 9-12. The trial court denied Petitioner's "Pre-Agreement" on October 29, 2015. *Id.* at 12. On December 16, 2015, Petitioner, *pro se*, filed a notice of appeal in the Eighth District Court of Appeals. *Id.* at 13. On February 4, 2016, the appellate court dismissed Petitioner's appeal for failure to file a timely notice of appeal. *Id.* at 20. Petitioner, again acting *pro se*, filed a motion for reconsideration, which was likewise denied by the appellate court. *Id.* at 21-23. No appeal was filed by Petitioner in the Supreme Court of Ohio.

Meanwhile, Petitioner, acting *pro se*, filed an "Affidavit of Equal Protection" on December 14, 2015, claiming that his right to equal protection was violated. ECF Dkt. #11-1 at 24. The trial court denied Petitioner's "Affidavit of Equal Protection" on December 15, 2015. *Id.* at 25. Petitioner did not appeal the trial court's decision.

On November 28, 2016, Petitioner, *pro se*, filed a motion, titled "2953.08(4) Sentence Contrary to Law," asserting that his sentence was contrary to law. ECF Dkt. #11-1 at 26-27. In the motion, Petitioner again claimed that the evidence failed to establish that he was guilty of any charge other than gross sexual imposition. *Id.* The trial court denied Petitioner's motion on December 2, 2016. *Id.* at 28. Petitioner, acting *pro se*, filed a notice of appeal in the Eighth District Court of Appeals on January 4, 2017. *Id.* at 29. On January 10, 2017, the appellate court dismissed Petitioner's appeal for failure to file a timely notice of appeal. *Id.* at 38. Petitioner, *pro se*, filed a "Journal Entry Error" on February 1, 2017. *Id.* at 39. The appellate court construed

Petitioner's "Journal Entry Error" as a motion for reconsideration and denied the motion on February 7, 2017. *Id.* at 43.

## II. FEDERAL HABEAS CORPUS PETITION

Petitioner, acting *pro se*, filed a § 2254 federal habeas corpus petition on March 20, 2017. ECF Dkt. #1. In his habeas petition, Petitioner asserts the following grounds for relief:

> **GROUND ONE:** State of Ohio Revised Code 2935.36(A)
>
> **Supporting Facts:** Appellant was denied the privilege of the office of the Prosecutor by use of Ohio Revised Code Statue 29.35.36(A) by denial of Procedure of the Court of Common Pleas to allow, "Professional Interpreter, with the Supreme Court of Ohio to speak for a sentence procedure. But when [illegible] allows sentence to be served with certification of program completion and no other court procedures. The Prosecutor could not offer the program as the Court order for a "Certified Interpreter was lost," and 2935.36(A) could not be [illegible] prior to any Judiciary procedure, the only noted interpreter for arraignment purposes was, "expert witness," Nikki Brown." [sic]
>
> **GROUND TWO:** Procedural Plain Review of Trial allegations by violation of Supertiendence Rule 88 (A)(D) as the Court permitted Office of the Prosecution and Effective Counsel to proceed against orders of Interpreter.
>
> **Supporting Facts:** The docket sheet support a "Brown (male or female) unknown as professional witness could inform the Office of Prosecution, Re 2935.36(A), was accepted, "The docket fails to inform if, "Brown," male or female is a "superintendence [illegible] by the Supreme Court of Ohio," and [illegible] for appellant as the court proceeded no interpreter is a docket, Journal Entry, or record as professional witness, the court order for such a witness stands, but [illegible] not a motion recorded of the Office of the Prosecution notifying the appellant [illegible] the Professional Witness of allegation, plea offering, or 2935.36(A) but it [illegible] is a [illegible] for," Nikki Brown as expert witness, was for arraignment only. [sic]
>
> **GROUND THREE:** Error of allegation by description of witness of allegation for touching statement of Eilene M. Costellano, age 30, female, white, 02/22/1982: 9:30/07/25/2012 criminal investigation statement.
>
> **Supporting Facts:** The witness confirmed touching and no "anal penetration," the witness saw no coitus movement and, "verified no coitus occurred. Victim statement is not confirmed and a Police Report is not [illegible] to alleged try for criminal actions. It began, at my father stop line 48 was pressed up against "[name of minor victim]," exposed backside, "denial fo rape and one incident not several for a five count indictment," by statement of: 09/25/2012 Time, 0930 [sic]
>
> **GROUND FOUR:** Prosecutor Attorney Daniel Cleary Trial Court order denial by Officers of the Court after the Court motion for arraignment of expert witness, "officer of the court denied 2935.36 to appellant by not motioning for "expert witness," for trial procedure, appellant meets Prosecutorial criteria.

> **Supporting Facts:** Assistant Prosecutor Case Error as they would not petition the Court for procedure to contest the avail of the Professional Expert Witness to testify for petitioner. Effective counsel error was to proceed without standard of charging the court to motion the Supreme Court of Ohio for [illegible] of Profession expert witness who or whom to be returned if not accepted to a assignment place. The professional Sup. R. 88(A)(D) was not allowed to determine if petitioner, know of allegation and proceedings. [sic]

ECF Dkt. #1 at 5-10. On August 4, 2017, Respondent filed a motion to dismiss Petitioner's habeas petition as barred by the statute of limitations imposed by the AEDPA. ECF Dkt. #11. Petitioner filed his traverse on August 14, 2017. ECF Dkt. #12.

### III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

#### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run from the latest of:

A. The date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

C. The date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

-5-

553 F.3d 1028, 1031–32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30; *Richey v.*

*Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims:
>
> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

### IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell*, 271 F.3d 652, 655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

> 1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

-8-

        2.        The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

        3.        'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

        4.        The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.        Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.        Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the

pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. ANALYSIS

In the motion to dismiss, Respondent asserts that Petitioner's habeas petition is barred by the one-year statute of limitation imposed by the AEDPA. ECF Dkt. #11. Respondent states that Petitioner's conviction became final on February 13, 2013, thirty days after he was sentenced by the trial court.[3] *Id.* at 7. Continuing, Respondent asserts that Petitioner did not file any motion that would serve to toll the statute of limitations, and, as a result, the statute of limitations ran uninterrupted until it expired on February 13, 2014. *Id.* at 7-8. Respondent also asserts that Petitioner is not entitled to statutory or equitable tolling of the statute of limitations. *Id.* at 8-14.

Petitioner's response to Respondent's motion to dismiss, filed as a traverse, does not address his failure to file his habeas petition within the one-year period provided by the AEDPA statute of limitations. *See* ECF Dkt. #12. Instead, Petitioner claims that the trial court abused its discretion "in not allowing [Petitioner] a translator paid for by government fund." [sic] *Id.* at 6. Petitioner also states that he was prejudiced by not being allowed to participate in the "pre-trial diversion program," rather than receiving his sentence of eighteen years. *Id.* Additionally, Petitioner asserts that "reasonably competent counsel would have requested the assistance of the requested expert for paying client and [Petitioner] was prejudicial by lack of expert assistance" [sic] because with an "expert" he would have been eligible to participate in the "pre-diversion program." *Id.* at 7-8.

As an initial matter, an interpreter was appointed at the State's expense for Petitioner's arraignment and the attorney representing Petitioner at the time of his guilty plea spoke Spanish. ECF Dkt. #11 at 5-7. Further, following his conviction and sentence in January 2013, Petitioner made numerous filings asserting that: the evidence could only support a charge of gross sexual

---

[3]The trial court's journal entry accepting Petitioner's guilty plea and sentencing him to a prison term of eighteen years was filed as a *nunc pro tunc* entry as of and for January 14, 2013. ECF Dkt. #11-1 at 7.

-10-

imposition, rather than rape; he was not provided all records as requested; his equal protection rights had been violated; and his sentence was contrary to law. *See id.* at 9-10, 13-19, 21-22, 24, 26-27, 29-35. Petitioner did not begin to allege that he did not understand the trial court proceedings due to the lack of an interpreter until January 2017. *Id.* at 36. Further, Petitioner fails to explain why he believes he was entitled to participate in any diversion program when he was facing multiple charges involving violent sexual crimes perpetrated against a minor, and ultimately pleaded to two counts of rape.[4] Likewise, although Petitioner claims that he was entitled to an "expert" (Petitioner appears to use the term "expert" to refer to an interpreter), Petitioner fails to explain how the intervention of any such expert/interpreter would have made him eligible to participate in a diversion program.

Moving on to the substance of Respondent's motion to dismiss, Respondent correctly asserts that Petitioner's habeas petition is barred by the AEDPA statute of limitations. Petitioner's conviction became final on February 13, 2013, thirty days after he was sentenced by the trial court. *See* Ohio App. R. 4. As such, the one-year period for Petitioner to file his habeas petition expired on February 13, 2014. Petitioner did not appeal his conviction and made no filings regarding his conviction until he filed the "Pre-Agreement" on October 22, 2015, and Petitioner did not file his habeas petition until March 20, 2017. ECF Dkt. #1; ECF Dkt. #11-1 at 9. Accordingly, Petitioner's habeas petition is barred by the AEDPA statute of limitations unless he can show that he is entitled to statutory or equitable tolling. *See Artuz Bennett*, 531 U.S. 4, 8-9 (2000); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (internal citation omitted).

Petitioner does not claim that he is entitled to statutory tolling and does not attempt to establish that: a state-created impediment prevented him from filing his habeas petition in a timely manner; his claim relies on a newly recognized constitutional right that was made retroactive; or that the factual predicate of his claims was newly discovered in a manner satisfying the requirements of

---

[4] It appears that Petitioner is referring to a diversion program offered by the Cuyahoga County Prosecutor's Office. *See* Cuyahoga County, Office of the Prosecutor, http://prosecutor.cuyahogacounty.us/en-US/justice-system-performance-diversion.aspx (last visited Nov. 14, 2017). The Cuyahoga County Prosecutor's Office indicates that "[d]efendants charged with violent crimes are ineligible for the Prosecutor's Diversion program, as are the vast majority of defendants with charges higher than a fourth degree felony." *Id.*

-11-

due diligence. *See* 28 U.S.C. § 2244(d)(1). Likewise, Petitioner does not claim that he is entitled to equitable tolling. Equitable tolling requires a petitioner to show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418. Petitioner has not been diligently pursuing his rights as he did not; file an appeal to his conviction; claim that he did not understand the trial court proceedings until nearly three years after his conviction became final; and file his habeas petition until over three years after his conviction became final. Further, Petitioner has failed to show that some extraordinary circumstance prevented him from filing his habeas petition. The Sixth Circuit has held:

> [W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Finally, Petitioner has failed to produce new reliable evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). Accordingly, Petitioner has failed to establish that he is entitled to statutory or equitable tolling, and his habeas petition is barred by the AEDPA statute of limitations.

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #11) and DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice

Dated: November 16, 2017           */s/ George J. Limbert*
                                    George J. Limbert
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Crim. P. 59. Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. *Id.*