# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE A. ECHEVARRIAROMAS, *Pro Se*, | ) | Case No.: 1:17 CV 641 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| WARDEN, | ) | |
| Respondent | ) | ORDER |

On March 27, 2017, Petitioner Jose Echevarraiaromas ("Petitioner" or "Echevarriaromas") filed a Petition for Writ of Habeas Corpus ("Petition") (Pet., ECF No. 1) pursuant to U.S.C. § 2254 in the above-captioned case, challenging the constitutionality of his conviction. In his Petition, Echevarraiaromas raised four grounds for relief. In Grounds One, Two, and Four, Petitioner contends that the trial court abused its discretion by not providing him with an interpreter, which he also appears to refer to as an expert witness. (Pet., ECF No. 1 at 6, 8, 11.) In Ground Three, Petitioner appears to challenge his conviction based on a witness description. (*Id.* at 9.)

Pursuant to Local Rule 3.1, this court referred the case to Magistrate Judge George J. Limbert ("Magistrate Judge" or "Judge Limbert"), on March 27, 2017, for preparation of a Report and Recommendation ("R & R"). On August 4, 2017, Respondent Warden ("Respondent") filed a Motion to Dismiss Habeas Petition as time barred. ("Motion to Dismiss") (ECF No.11.) Echevarriaramos filed a Traverse for Habeas Corpus on August 14, 2017. (ECF No. 12.)

On November 16, 2017, Judge Limbert submitted an R & R, recommending that this court grant Respondent's Motion to Dismiss and dismiss the Petition in its entirety with prejudice. (ECF No. 14.) Judge Limbert determined that Petitioner's conviction became final on February 13, 2013.

(*Id.* at 11.) Thus, Judge Limbert concluded that the Petition is barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations because "[p]etitioner did not appeal his conviction and made no filings regarding his conviction until he filed the 'Pre-Agreement' on October 22, 2015." (*Id.*)

The Magistrate Judge explained that Petitioner could overcome the AEDPA's statute of limitations if Petitioner could show that he is entitled to statutory or equitable tolling. Judge Limbert noted that Petitioner however, in his Traverse, did not claim that he was entitled to either statutory or equitable tolling and neglected to address "his failure to file his habeas petition within the one-year period provided by the AEDPA statute of limitations." (*Id.* at 10-12.)

As Petitioner filed his Petition well beyond the one year statute of limitations imposed by 28 U.S.C. § 2244 (d), he failed to demonstrate that he was entitled to statutory or equitable tolling, and failed to produce new reliable evidence of actual innocence, the Magistrate Judge recommended that this court "GRANT Respondent's motion to dismiss (ECF No. 11) and DISMISS Petitioner's petition for a writ of habeas corpus (ECF No. 1) in its entirety with prejudice." (*Id.* at 12.)

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a report and recommendation to which specific objections have been made. 28 U.S.C. 636(b)(1). After review, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. 636(b)(1)(C). Accordingly, this court will review the portions of the R & R to which Petitioner has raised his Objections.

Petitioner filed a timely Objection to Judge Limbert's R & R on December 4, 2017. (Obj.,

ECF No. 15). In his Objection, Petitioner does not respond to the Magistrate Judge's findings in the R & R. (*Id.*) Instead, Petitioner asserts that "he is not able to respond in any language discerable [sic] by the Department of Rehabilitation and Corrections." (*Id.* at 1.) Petitioner alleges that the Magistrate Judge's ruling was in plain error as the Magistrate Judge failed to appoint him a foreign language interpreter. (*Id.* at 2.) Petitioner also contends that he was not the writer of the Petition and that "the writer of the Habeas Corpus has not converse[d] with the Petitioner in any language." (*Id.*) Petitioner further alleges that an inmate wrote his Petition and that all the remarks in the Petition were those of Ely, the inmate who assisted him. (*Id.*)

Petitioner's argument however, is not well taken. Most importantly, as the Magistrate Judge pointed out in his R & R, "Petitioner has failed to show that some extraordinary circumstance prevented him from [timely] filing his habeas petition." (R & R, at 12.) Additionally, Petitioner has failed to identify any legally cognizable right to the assistance of a translator or interpreter in preparation of habeas petitions. *See Youssef v. Miller*, No. 1:15CV2150, 2016 WL 4248724, at *2 (N.D. Ohio Aug. 11, 2016) ( "There is no right to a translator or interpreter for habeas petitioners."). As noted by Judge Limbert, the Sixth Circuit has held:

> where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002). The *Cobas* court went on to state that:

> Since a petitioner does not have a right to assistance of counsel on a habeas appeal, and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations, we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.

*Id.* (internal citations omitted).

Further, the AEDPA does not contain provisions providing that habeas petitioners have a right to an interpreter or translator. *See* 28 U.S.C. § 2254. Consequently, Petitioner's argument that he was not the drafter of the Petition, that he was unable to communicate with Ely (the person who drafted the Petition), that he and Ely "have no spoken repore [sic] and that [he] blindly trusts the words of Ely" is unpersuasive. (Obj. 5, ECF No. 15). In short, Petitioner has failed to establish that he is legally entitled to an interpreter in preparing his Petition. Echevarraiaromas's Petition is thus barred by the AEDPA statute of limitations.

For the foregoing reasons, this court adopts Judge Limbert's R & R (ECF No. 14) in its entirety and hereby denies Echevarraiaromas's Petition for Writ of Habeas Corpus (Pet., ECF No. 1) under § 2254 with prejudice. This court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2014).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 27, 2018